WEBSTER & a. v. FARNUM & Trs., FARNUM, *Claimant.*

Whenever it appears by the depositions taken, or otherwise, that the property in the hands of the trustee is claimed by a third person, such claimant may be allowed to appear and maintain his claim upon such terms as the court may order, upon the same principle that a subsequent attaching creditor is allowed to appear and contest the claim of a prior attaching creditor.

FOREIGN ATTACHMENT. At a former term the wife of the defendant was admitted by the court to appear as claimant of the

funds in the hands of the trustees, and the issue between the plaintiff and the claimant was referred.   One of the trustees says in his deposition, in answer to the plaintiffs' questions, that his firm is owing the defendant for lumber bought by them of him. On cross-examination by counsel for the claimant, he says he made the bargain with the defendant for the lumber, and supposed it was the defendant's, and that the defendant was selling it as his own, and never heard that anybody else claimed to be the owner.   At this term the plaintiffs moved that the order of reference be discharged, and for judgment against the trustees on their disclosure.   The court denied the motion, and the plaintiffs excepted.

*Gould*, *Davis*, and *Hawthorne*, for the plaintiffs.

*Mugridge*, for the claimant.

CLARK, J.   If the order allowing Mrs. Farnum to appear as claimant of the funds in the hands of the trustees was one which the court had power to make, the refusal to discharge the rule of reference and order judgment against the trustees on the disclosure was a matter within the discretion of the court at the trial term, and that discretion will not be revised.

The plaintiffs contend that the court had no power to permit Mrs. Farnum to appear as claimant of the funds, because her interest as such claimant did not appear from the disclosure taken in the case ; and this contention is based upon the language of Gen. Laws, *c.* 249, *s.* 19, which is as follows: " If by the depositions taken it appears that the property for which the trustee is sought to be charged is claimed by a third person, he shall, on motion, and upon such terms as the court may order, be admitted to defend his right, and may offer any evidence in support thereof." This statute was not enacted to give the court jurisdiction over the claimant, but to direct the course of procedure whenever it appears that the funds are claimed by a third person not a party to the suit.   An examination of previous statutes, of which this is a revision, shows that the language of this section was not intended to limit or restrict the rights of claimants, and that the plaintiffs' construction is not the correct one.   The corresponding section of the Revised Statutes was, " If any person shall claim any money, goods, chattels, rights, or credits, or other property, in the hands of any supposed trustee, by assignment from the debtor or otherwise, the court may permit or cause him to appear and maintain his right." Rev. St., *c.* 208, *s.* 22.   This section was retained unchanged in the Compiled Statutes, *c.* 221, *s.* 22.

In the General Statutes, *c.* 230, *s.* 25, the provision relating to claimants' being admitted to defend first appears in its present form ; and a reference to the report of the commissioners of revision shows the change to have been intended and understood as a

change of phraseology merely, not designed to alter the sense of the former statute. It was not the intention to make the right of the claimant to appear and maintain his claim dependent upon the circumstance that his interest appears from the disclosure of the trustee.

Whenever it appears, from the disclosure or otherwise, that the property in the hands of the trustee is claimed by a third person, such claimant is allowed to appear and maintain his claim upon such terms as the court may order, upon the same principle that a subsequent attaching creditor is allowed to appear and contest the claim of a prior attaching creditor.

Under our practice, any party who can satisfy the court that he has any right involved in the trial of a case may be admitted to prosecute or defend the action. *Buckman* v. *Buckman*, 4 N. H. 319; *Dyer* v. *Webster*, 18 N. H. 417; *Carlton* v. *Patterson*, 29 N. H. 580; *Blaisdell* v. *Ladd*, 14 N. H. 129.

*Exceptions overruled.*

DOE, C. J., did not sit: the others concurred.